NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH ARDINO, | : | |
| Plaintiff, | : | Hon. Dennis M. Cavanaugh |
| v. | : | OPINION |
| DAVID SEAN DUFEK, | : | Civil Action No. 11-cv-0901 (DMC)(JAD) |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of David Dufek (hereinafter, "Defendant") filed on April 19th, 2011 to dismiss Joseph Ardino's (hereinafter "Plaintiff") complaint (ECF No. 1). Pursuant to Fed. R. Civ. P. 78, stating that the court has the authority to determine the motions on briefs without oral hearings, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendant's motion to dismiss (ECF No. 4) is **denied**.

I.  **BACKGROUND**

On December 17th, 2009, Defendant sent a letter to Plaintiff seeking to recover a debt Plaintiff allegedly owed to CACH, LLC (hereinafter, the "Dufek Letter"). (Pl.'s Compl. Ex. A,

1

Feb. 17, 2011, ECF No. 1). Defendant is an attorney licensed in the state of California. (Def.'s Mot. to Dismiss 1, Apr. 19, 2011, ECF No. 4-1). The Dufek Letter, typewritten on law office letterhead, states that "this office has been retained to collect the debt owed by [Plaintiff]..." in an amount of $5,283.61. (Pl.'s Compl. Ex. A). The Dufek Letter further states that Plaintiff should "remit payment" to the Law Office of David Dufek or utilize http://dufeklaw.com to make payment online. Id. Additionally, the Dufek Letter states that "[u]nder Federal Law" Plaintiff had thirty days to either dispute in writing the debt, in which case the law office would "obtain and mail...proof of the debt owed," or fail to dispute the debt, in which case the law office would assume the debt's validity. Id. Finally, the Dufek Letter noted that upon "request in writing," the attorney's office would furnish the Plaintiff with information about the original creditor. Id. The letter is signed by "David Sean Dufek" and underneath the signature reads, "Attorney David Sean Dufek." Id.

Plaintiff alleges that the Dufek Letter constitutes an abusive, deceptive and unfair tactic under the Fair Debt Collection Practices Act. See 15 U.S.C. § 1692e (1996). Plaintiff states that the Dufek Letter led him to believe that an attorney was involved in collection of the alleged debt. (Pl.'s Compl. ¶ 18). Moreover, Plaintiff states his belief was that an attorney could and would take legal action against him based on the alleged debt, if payment was not made. Id. ¶¶ 19-21.

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss, the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to [the Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).

The Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, when their truth is assumed, those factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555. Plaintiff's obligation "requires more than labels and conclusions." Id. at 545. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

In reviewing a motion to dismiss, it is well-established that a court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." M & M Stone Co. v. Pa., 388 Fed.Appx. 156, 162 (3d Cir. 2010).

### III. DISCUSSION

The Fair Debt Collection Practices Act ("FDCPA") prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt" and is a remedial statute construed broadly by the Courts. 15 U.S.C. § 1692e (1996). The FDCPA specifically prohibits the "false representation or implication that any individual is an attorney or that any communication is from an attorney" and any "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §§ 1692e(3) and (5) (1996). The Third Circuit has determined that the appropriate standard for analyzing communications

between lendors and debtors is the "least sophisticated debtor" standard. Lesher v. Law Offices of Mitchell N. Kay, No. 10-3194, 2011 WL 2450964, at *1 (3d Cir. June 21, 2011) (citing Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3d Cir. 2000)). Under the "least sophisticated debtor" standard, "bizarre and idiosyncratic interpretations" are not entertained, however, the court assumes that the debtor "[preserves] a quotient of reasonableness" and "a basic level of understanding and willingness to read with care." Id.

The Third Circuit recently decided a case involving strikingly similar facts utilizing the "least sophisticated debtor" standard under the FDCPA. The Lesher case involves a letter from an attorney (hereinafter, the "Kay Letter") that is almost identical to the Dufek Letter. The Kay Letter included statements declaring that the law office was handling the debt collection for another, and directed Plaintiff to address all payment to the "Law Offices of Mitchell N. Kay, P.C." or pay online at www.lawofmnk.com. Lesher, 2011 WL 2450964, at *1. The Kay Letter further informed of a thirty day period to dispute and offered to mail verification of the debt upon request in writing. Id. Reviewing de novo, the Third Circuit agreed with the District Court's decision to grant summary judgment in Plaintiff's favor. Lesher, 724 F.Supp.2d 503 (M.D. Pa. 2010), aff'd, 2011 WL 2450964 (3d Cir. 2011).

The Third Circuit reasoned that the letter mislead the Plaintiff in Lesher to "believe that an attorney was involved in collecting his debt, and that the attorney could, and would, take legal action against him." Lesher, 2011 WL 2450964, at *2. The Third Circuit's reasoning was guided by the Court's use of the "least sophisticated debtor" standard which provides merely a low threshold upon with the Court assumed that the debtor preserved "a quotient of

reasonableness" while at the same time refusing to entertain bizarre or idiosyncratic interpretations of the communications. Id.

Given the strikingly similar nature of the Dufek Letter to the Kay Letter and proper application of the "least sophisticated debtor" standard in this case, Plaintiff's contention that an attorney had reviewed his file and had determined that he was a candidate for legal action could plausibly be deemed reasonable upon further factual findings. As this Court must view the allegations in the complaint and pleadings in the light most favorable to the Plaintiff, Plaintiff has raised allegations of entitlement to relief under 15 U.S.C. § 1692e above a speculative level.

## IV.   CONCLUSION

For the foregoing reasons expressed herein, Defendant's motion to dismiss Plaintiff's complaint is **denied**.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:        November 30, 2011
Orig.:       Clerk
cc:          All Counsel of Record
             Joseph A. Dickson, U.S.M.J.